UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gordon Miles, | Case No. 19-cv-1078 (WMW/KMM) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED |
| Emily Johnson-Piper et al., | |
| Defendants. | |

---

This matter is before the Court on the January 23, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 44.) The R&R recommends granting in part and denying in part Defendants' motion to dismiss Plaintiff Gordon Miles's complaint and denying Miles's motions for preliminary injunction and consolidation. Defendants and Miles filed timely objections to the R&R. For the reasons addressed below, the Court adopts the R&R as modified, grants Defendants' motion to dismiss, denies Miles's motions for preliminary injunction and consolidation, and dismisses this case.

**BACKGROUND**

As the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. Miles is committed to the Minnesota Sex Offender Program (MSOP) as a sexual psychopathic personality and a sexually dangerous person. On April 19, 2019, Miles commenced this civil rights action against 34 MSOP employees in their individual and official capacities. In his amended complaint, Miles

alleges that Defendants acted with deliberate indifference to his safety in violation of his Eighth Amendment rights, failed to protect him by insisting that he room with another MSOP client, retaliated against him in violation of his First Amendment rights, denied him meaningful access to the courts, and deprived him of property and imposed restrictive living arrangements in violation of his rights to procedural and substantive due process.[1]

Miles also filed a motion for preliminary injunction and a motion for consolidation. Defendants responded to Miles's motion for preliminary injunction and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Magistrate Judge Menendez issued an R&R on January 23, 2020. Miles and Defendants filed timely objections to the R&R. Defendants filed a timely reply to Miles's objections.

**ANALYSIS**

Both Miles and Defendants object to aspects of the R&R. The Court reviews de novo each portion of the R&R to which an objection is made. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**I.     Defendants' Objections to the R&R**

Defendants' objections to the R&R are twofold. First, Defendants object to the R&R's conclusion that Defendant Kent Johansen, an MSOP employee, is not entitled to

---

[1] The amended complaint contains several additional claims, but the R&R recommends dismissing those claims based on Miles's concession that he has not stated a claim for relief on those grounds. Miles does not object to that aspect of the R&R.

qualified immunity. Second, Defendants object to the R&R's recommendation to deny Defendants' motion to dismiss Miles's First Amendment retaliation claim for failure to state a claim.

### A. Qualified Immunity of Kent Johansen

The R&R concludes that determining whether Johansen is entitled to qualified immunity would be premature on the present record. Defendants object to this conclusion, arguing that Johansen is entitled to qualified immunity because the Court has failed to identify a case in which an officer acting under similar circumstances was found to have violated the United States Constitution.

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). On a motion to dismiss, qualified immunity is upheld "only when the immunity is established on the face of the complaint." *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996) (internal quotation marks omitted). Courts consider two factors to determine whether an official is entitled to qualified immunity: "(1) whether the facts alleged or shown, construed most favorably to the plaintiff[], establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful." *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013). A constitutional right is clearly established only if the unlawfulness of the

official's action is apparent in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also White v. Pauly*, 137 S. Ct. 548, 552 (2017). The pre-existing law must be "particularized to the facts of the case." *White*, 137 S. Ct. at 552 (internal quotation marks omitted). While the pre-existing law must be particularized, identification of a case directly on point is not required; instead, the standard requires "existing precedent [to] have placed the . . . constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation marks omitted). On a motion to dismiss, "if it is clear from the [compliant] that the [plaintiff's] allegations do not amount to constitutional violations, or even if they do, the rights at issue were not clearly established, the Court must grant the motion[ ] to dismiss on qualified immunity grounds." *Schatz Family v. Gierer*, 399 F.Supp. 2d 973, 987 (E.D. Mo. 2004).

The Court's research has identified two cases with facts similar to the present matter. In *Koster v. Jelinek*, the district court considered whether the rules of a treatment and detention center for sexually violent individuals that restricted a detainee's right to take notes and discuss grievances and lawsuits during group therapy violated the detainee's First Amendment right of free speech. No. 10-3003, 2011 WL 3349831, at *2 (C.D. Ill. Aug. 3, 2011). The court concluded that the center "did not violate the [detainee's] First Amendment rights by prohibiting note-taking during the group therapy, restricting the topics of discussion during group therapy sessions, or prohibiting the [detainee] from threatening the defendants with lawsuits and grievances as a condition of continued group therapy." *Id*. at *3. The court reasoned that "[t]he First Amendment does not demand that

a [detention center] resident be allowed to manipulate and disrupt group therapy" and that a detention center's group therapy rules "fall comfortably within [the center's] professional discretion." *Id*. Applying *Koster*'s reasoning, Miles did not have a clearly established constitutional right to discuss his grievances regarding the double-bunking policy during group therapy at MSOP.

Similarly, in *Wicklund v. Idaho Department of Corrections*, the district court considered whether a sex offender treatment program's limitation on disruptions occurring *during* therapy violated a detainee's First Amendment rights. No. 1:09-CV-00674-EJL-CWD, 2012 WL 913761, at *8 (D. Idaho Mar. 16, 2012). Although the court granted in part and denied in part defendants' motion for summary judgment, the court concluded that the detainee's "speech *during the therapy sessions* is not protected speech under the First Amendment." *Id*. The court reasoned that "the probation officers' order during the meeting or at any other time prohibiting [the detainee] from complaining about the polygrapher, prosecutor or prosecuting attorney's office during court ordered therapy session[s] was not a violation of [the detainee's] First Amend rights" because defendants "had a legitimate correctional goal in preventing [the detainee] from disrupting the therapy sessions." *Id*. Applying *Wicklund*'s reasoning, Miles did not have a clearly established constitutional right to discuss his grievances regarding the double-bunking policy during group therapy at MSOP.

At issue here is whether Miles's dismissal from group therapy, which resulted from his disruptive contributions regarding his discontent with the double-bunking policy during

5

group therapy sessions, violated his First Amendment rights. Even assuming Miles is able to establish a violation of a constitutional right, the Court's research does not reflect that a reasonable official in Johansen's position would have known that the act of dismissing Miles from group therapy in response to his disruptive contributions was unlawful. The Court's research did not locate any pre-existing law that suggests a pre-established right to deviate from topics deemed acceptable by MSOP, nor has Miles cited any. In fact, the Court's research suggests the opposite. As the court in *Koster* explained, a center may restrict therapy discussion topics and a detainee has no First Amendment right to disrupt group therapy. 2011 WL 3349831, at *3; *see also Wicklund*, 2012 WL 913761, at *8. Furthermore, MSOP may use its discretion to set guidelines addressing conduct and expectations during group therapy, especially when the guidelines support a legitimate correctional goal such as compliance with court-ordered participation in therapy sessions. *Koster*, 2011 WL 3349831, at *3; *see also Wicklund*, 2012 WL 913761, at *8. Because Johansen, at the time of the alleged conduct, had no reason to believe that his actions violated clearly established constitutional rights, he is entitled to qualified immunity. In light of Johansen's qualified immunity, Defendants' objections to that aspect of the R&R are sustained.[2]

---

[2] Because Johansen is entitled to qualified immunity, the Court need not address whether Miles's First Amendment claim must be dismissed for failure to state a claim.

## II. Miles's Objections to the R&R

Miles advances five objections to the R&R. First, Miles objects to the R&R's conclusion that the amended complaint fails to state a failure-to-protect or deliberate-indifference claim. Second, Miles objects to the R&R's conclusion that the amended complaint fails to state a procedural-due-process claim. Third, Miles objects to the R&R's conclusion as to the substantive-due-process claim. Fourth, Miles objects to the R&R's recommendation to deny his motion for preliminary injunction. And fifth, Miles objects to the R&R's conclusion regarding his motion for consolidation. Because Miles is proceeding *pro se*, the Court construes Miles's objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Failure to Protect and Deliberate Indifference

The R&R concludes that Miles's failure-to-protect and deliberate-indifference claims fail and, therefore, must be dismissed because Miles is unable to meet the objective and subjective requirements of either claim. Miles objects to this conclusion, but offers no discernable legal grounds for his objection.

In order to state a claim for failure-to-protect, a plaintiff must plausibly allege that an official was "deliberately indifferent to a substantial risk of serious harm." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (internal quotation marks omitted). To do so, the plaintiff must satisfy both an objective test and a subjective test. *Id.* Under the objective test, the plaintiff must allege that "the deprivation of rights [is] sufficiently serious" such that the "conditions [pose] a substantial risk of serious harm." *Id.* (internal

quotation marks omitted) (citing *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007)). Under the subjective test, a plaintiff must allege that the official had a "sufficiently culpable state of mind" in that the official was "deliberately indifferent to the substantial risk of serious harm." *Id*. at 446–47 (internal quotation marks omitted) (citing *Young*, 508 F.3d at 873). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Id.* at 447 (internal quotation marks omitted) *(*citing *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994)). Claims that state officials were deliberately indifferent require the same two-step analysis. *Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015).

The Court first addresses the objective test. It is well settled that double-bunking is not a constitutional violation. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1042–43 (8th Cir. 2012); *Cody v. Hillard*, 830 F.2d 912, 915–16 (8th Cir. 1987); *cf. Bell v. Wolfish*, 441 U.S. 520, 542 (1979) ("We disagree with both the District Court and the Court of Appeals that there is some sort of 'one man, one cell' principle lurking in the Due Process Clause of the Fifth Amendment."). Nor does such a requirement, as Miles argues, rise to the level of cruel and unusual punishment. *Cody*, 830 F.2d at 915–16. Only when a double-bunking policy is carried out in a manner that poses a substantial risk to the safety of detainees may the objective prong be met. *Smith v. Ark. Dep't of Corr.*, 103 F.3d 637, 644–45 (8th Cir. 1996).

Miles's amended complaint alleges no facts demonstrating that MSOP's double-bunking policy is carried out in a manner that poses a substantial safety risk. Instead,

Miles's allegations suggest that the double-bunking policy is implemented in a reasonable manner, including with input from Miles as to bunkmate selection.[3] Even assuming Miles's allegations satisfy the objective test, his allegations do not satisfy the subjective test. Miles does not allege any facts that could plausibly establish deliberate indifference. Instead, Miles alleges that MSOP provided him with a neutral rationale for the double-bunking policy: constraints on space within the facility.

Because Miles fails to meet both the objective test and subjective test for the failure-to-protect and deliberate-indifference claims, Miles's objection to this portion of the R&R is overruled.

### B. Procedural Due Process

The R&R concludes that Miles fails to state a claim that Defendants violated his procedural-due-process rights. Miles objects, arguing that he has a liberty interest in being placed in general housing and that the R&R fails to consider that his property was lost, stolen, or destroyed as a result of the decision to move him into restrictive housing.

Procedural-due-process claims are reviewed in two steps: the Court first determines whether the plaintiff was deprived of a protected liberty or property interest and, if so, the Court determines whether the procedures followed by the government officials were constitutionally sufficient. *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "Protected liberty interests may arise from

---

[3] Miles alleges in his complaint that he was provided with a list of detainees from which to choose.

the Due Process Clause itself or from an expectation or interest created by state law or policies." *Id.* The focus of a procedural-due-process claim is not on the merits of a deprivation, "but on whether the State circumscribed the deprivation with constitutionally adequate procedures." *Parrish v. Mallinger*, 133 F.3d 612, 615 (8th Cir. 1998).

### 1. Transfer

The R&R concludes that Miles fails to allege that he lacked procedural protections when he was transferred to restrictive housing.

When considering Miles's objection liberally, it appears that he objects to the R&R's analysis of the second element of the procedural-due-process analysis—namely, that his removal from general housing and placement into restrictive housing is a deprivation performed without adequate procedural protections. In support of his objection, Miles argues that his placement amounts to cruel and unusual punishment. But the amended complaint alleges no facts that could plausibly establish that MSOP's procedural protections for challenging Miles's housing placement were inadequate. In fact, the amended complaint reflects the opposite as it references Miles's numerous grievances, along with MSOP's responses to his grievances and explanations for the decisions made by MSOP officials. Moreover, Miles does not dispute the rationales behind his transfer, which are his refusal to bunk with another MSOP client and his failure to comply with directives.

Because the allegations in Miles's complaint are insufficient to state a claim that Defendants violated Miles's procedural-due-process rights by placing Miles in a location other than general housing, Miles's objection to this aspect of the R&R is overruled.

### 2. Loss of Property

Miles also objects to the R&R's conclusion that the loss of his property does not implicate a protected liberty or property interest because, Miles argues, the R&R fails to consider that his property was lost, stolen or otherwise destroyed.

Objections must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (internal quotation marks omitted). Objections that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Id*. As this objection merely restates allegations from Miles's complaint, Miles's due-process objection based on the loss of property is entitled only to clear error review. Because the Court has reviewed the R&R's analysis as to Miles's personal property and finds no clear error, Miles's objection to this aspect of the R&R is overruled.

### C. Substantive Due Process

The R&R also concludes that Miles fails to state a claim that Defendants violated his substantive-due-process rights because there are no allegations in the complaint that

11

Defendants' conduct was conscience shocking or violated a fundamental right. Miles objects, arguing that placement in restrictive housing is conscience shocking.

To state a substantive-due-process claim, a plaintiff must allege both that the government's actions were "conscience-shocking[] *and* that the [conduct] violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Karsjens v. Piper*, 845 F.3d 394, 408 (8th Cir. 2017) (quoting *Moran v. Clarke*, 296 F.3d 638, 651 (8th Cir. 2002) (en banc)). This stringent standard requires the violation to be "so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." *Id.* (quoting *Moran*, 296 F.3d at 647).

Miles argues that the R&R fails to consider that his placement in restrictive housing was retaliatory. But he does not establish why this fact is relevant to the legal analysis, nor does he identify *any* specific behavior or deprivation by the MSOP officers that is "conscience-shocking." Even assuming Miles's placement in restrictive housing was conscience-shocking, the amended complaint nevertheless fails to identify a violation of a deeply rooted fundamental right.

Because the allegations in Miles's complaint fail to state a claim that Defendants violated Miles's substantive-due-process rights by placing him in restrictive housing, Miles's objection is overruled.

### III. Miles's Motions for Preliminary Injunction and Consolidation

Concurrent with the filing of his complaint, Miles also filed a motion for preliminary injunction. Later, Miles filed a motion for consolidation. In light of the dismissal of Miles's claims as addressed in this order, the Court denies as moot Miles's motion for preliminary injunction and his motion for consolidation. Consequently, the related objections are overruled as moot.

### IV. Clear Error Review

As Miles and Defendants do not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error. For this reason, the Court adopts the remainder of the R&R.

**ORDER**

Based on the R&R, the foregoing analysis, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Gordon Miles's objections, (Dkt. 46), to the January 23, 2020 R&R, (Dkt. 44), are **OVERRULED**.

2. Defendants' objections, (Dkt. 45), to the January 23, 2020 R&R, (Dkt. 44), are **SUSTAINIED**.

3. The January 23, 2020 R&R, (Dkt. 44), is **ADOPTED IN PART** as modified below:

    a. Defendants' motion to dismiss, (Dkt. 21), is **GRANTED** in all respects.

    b. The claims brought by Plaintiff Gordon Miles under state law; his claim of deliberate-indifference arising from his transportation in cold weather; and all claims for monetary relief brought against defendants in their respective official capacities are **DISMISSED WITHOUT PREJUDICE**.

    c. All other claims are **DISMISSED WITH PREJUDICE**.

4. Plaintiff Gordon Miles's motion for a preliminary injunction, (Dkt. 8), is **DENIED**.

5. Plaintiff Gordon Miles's motion for consolidation, (Dkt. 40), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 23, 2020                      s/Wilhelmina M. Wright
                                                               Wilhelmina M. Wright
                                                               United States District Judge